IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFON WYTCH, | ) |
|     Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-24-1031-JD |
| WARDEN JIM FARRIS, | ) ) ) |
|     Respondent. | ) ) |

**REPORT AND RECOMMENDATION**

Petitioner Stefon Wytch, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (ECF No. 1). United States District Judge Jodi W. Dishman has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C).

Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and, for the following reasons, recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

**I.     ANALYSIS**

The jurisdiction of Federal courts to grant writs of habeas corpus is governed by 28 U.S.C. § 2241(a):

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions.* The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(emphasis added). 28 U.S.C. § 2241(d) creates a narrow exception to this rule for § 2254 habeas actions challenging a state court conviction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the  district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

"Oklahoma is divided into three judicial districts ... known as the Northern, Eastern, and Western Districts of Oklahoma."  28 U.S.C. § 116. Here, Petitioner challenges his state court conviction obtained in the District Court of Tulsa County, Case No. CF-16-6760. *See* ECF No. 1:1. Tulsa County is located within the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(b). Petitioner is, however, currently confined in the Lawton Correctional Facility, *see id*, which is located within the territorial jurisdiction of the Western District of Oklahoma.[1] *See* 28 U.S.C. § 116(c).

Under these circumstances, both federal district courts have jurisdiction to entertain this habeas corpus petition, *see* 28 U.S.C. § 2241(d), and this Court may, in its discretion and the interest of justice, "transfer the application to the other district court for hearing and determination." *Id.*

It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained. Moreover, in the event of any hearing, trial records, trial counsel

---

[1] The undersigned judicially notices the location of Lawton, Comanche County, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie,* 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the  obvious reason that geographic locations are  facts which are  not generally controversial ...").

2

for the prosecution and for Petitioner, as well as any necessary witnesses are more likely to be available in the district where the prosecution took place. For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction.

## II.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends that the interest of justice warrants the transfer of this matter, including Petitioner's pending Motion to Proceed *In Forma Pauperis* (ECF No. 2), to the United States District Court for the Northern District of Oklahoma. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 4, 2024**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## III.  STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on October 16, 2024.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

3