## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEFON WYTCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-01031-JD |
| | ) | |
| WARDEN JIM FARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is the Report and Recommendation of United States Magistrate

Judge Shon T. Erwin entered on October 16, 2024. [Doc. No. 5]. Upon its de novo review

in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3),

the Court adopts the Report and Recommendation.

The Report and Recommendation applied Rule 4 of the Rules Governing Section

2254 Cases and examined the Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2254 [Doc. No. 1]. The Report and Recommendation notes that Petitioner challenges

his state court conviction obtained in the District Court of Tulsa County, which is located

in the Northern District of Oklahoma.[1] *See* 28 U.S.C. § 116(a). Petitioner is presently

confined at the Lawton Correctional Facility, which is located in Comanche County in

---

[1] Petitioner was convicted of first degree murder and feloniously pointing a firearm, following a jury trial in Tulsa County in 2018. *See* Petition [Doc. No. 1] at 1–2. Petitioner also filed his request for post-conviction relief in Tulsa County. *See id.* at 2–3, 6–7.

the Western District of Oklahoma.[2] [Doc. No. 5 at 2]; *see also* 28 U.S.C. § 116(c). Judge

Erwin recommends the transfer of this action to the United States District Court for the

Northern District of Oklahoma for all further proceedings because "justice is normally

better served by the adjudication of the case in the district where the conviction was

obtained." [Doc. No. 5 at 2].

Judge Erwin advised Petitioner of his right to file an objection to the Report and

Recommendation with the Clerk of Court by November 4, 2024, and that failure to timely

object to the Report and Recommendation waives the right to appellate review of both

factual and legal issues contained in the Report and Recommendation. [*Id.* at 3].

Petitioner timely objected, requesting that the action remain in the Western District of

Oklahoma. [Doc. No. 6]. Since Tulsa County, where Petitioner was convicted, is in the

Northern District, Petitioner states that he fears a transfer to that district would lead to

bias and present a double jeopardy violation. [*Id.* at 1]. Because Petitioner filed an

objection to the Report and Recommendation, the Court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made," and the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 2241(d),

[w]here an application for a writ of habeas corpus is made by a person in

---

[2] The Court takes judicial notice of the Oklahoma Department of Corrections Offender Lookup, and Petitioner's current facility is the Lawton Correctional Facility in Lawton, Oklahoma. *See* https://okoffender.doc.ok.gov/ (last visited Nov. 6, 2024).

> custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

Because Petitioner was convicted in the Northern District of Oklahoma and is currently confined in the Western District of Oklahoma, this Court and the Northern District of Oklahoma have concurrent jurisdiction over this habeas action. However, § 2241(d) gives this Court, as the "district wherein such an application is filed," the discretion to "transfer the application to the other district court for hearing and determination" if such a transfer is "in furtherance of justice." 28 U.S.C. § 2241(d).

Petitioner's § 2254 petition challenges the validity of his state court conviction. Petitioner asserts that his trial counsel was ineffective and that his conviction violated the Due Process Clause of the Fourteenth Amendment because of the admission of evidence that "was not properly ballistic field tested." [Doc. No. 1 at 5–7]. Oklahoma's federal district courts have a "longstanding policy favoring transferring habeas actions to the district of conviction" because that is where the relevant records and officials are generally located. *Manning v. Oklahoma*, No. CIV-13-0990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013). "Also, if a hearing is required, trial counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Id.* This longstanding policy will further the interests of justice in this case. There is no basis for Petitioner's objections that such a transfer would subject him to double jeopardy or judicial bias.

The Court therefore agrees with the Report and Recommendation that a transfer is proper. The Court ACCEPTS the Report and Recommendation [Doc. No. 5] in its entirety. The Clerk of the Court is directed to TRANSFER this matter, including Petitioner's pending Motion to Proceed *In Forma Pauperis* [Doc. No. 2], to the United States District Court for the Northern District of Oklahoma for all further proceedings.

IT IS SO ORDERED this 6th day of November 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4